UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-61575-CIV-DIMITROULEAS/ ROSENBAUM

KEVIN SAUVE,

    Plaintiff,

v.

AL LAMBERTI, in his official capacity
as Sheriff of Broward County, Florida
(Broward County Sheriff's Office), and;
ARMOR CORRECTIONAL HEALTH
SERVICES, INC., a Florida corporation.

    Defendants.
_____/

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

    Plaintiff, KEVIN SAUVE, (hereinafter "SAUVE" or "PLAINTIFF"), through his retained undersigned attorneys and pursuant to Southern District of Florida Local Rule 7.5 and Federal Rule of Civil Procedure 56(c), respectfully moves this Court to enter partial summary judgment in his favor as the undisputed facts and binding case law establish that Sauve had a "serious medical need" within the meaning of his 42 U.S.C. § 1983 claim.

    A statement of undisputed material facts (cited hereinafter as "*Facts,* ¶ ___"), has been contemporaneously filed herewith. Excerpts of relevant deposition transcripts and other materials cited in the statement of undisputed material facts are attached thereto for convenience of reference. Any exhibits attached to this Motion are sources of authority, rather than documents that attest to facts.

1

**PRELIMINARY STATEMENT**

This case is brought pursuant to 42 U.S.C. § 1983. Plaintiff Sauve is a 36-year-old U.S. citizen residing in Broward County, Florida who was incarcerated in the Broward County jail system in Broward County, Florida from about May 1, 2007 until about July 31, 2007.  (*Original Complaint,* ¶1; *Facts,* ¶¶ 1, 2).  During the time of his incarceration Sauve, who has been HIV-positive for the past decade, was afflicted with HIV/AIDS, (*Facts,* ¶¶ 2, 3), a known very serious and often deadly disease.  This action alleges that during the time of Sauve's incarceration as a pre-trial detainee, Defendants were deliberately indifferent to and in fact denied Sauve minimally adequate medical care and treatment in violation of the Fourteenth Amendment to the U.S. Constitution.  *Original Complaint,* ¶ 1.

In order for a plaintiff pretrial detainee to prevail on a 42 U.S.C. § 1983 claim of deliberate indifference violative of the Fourteenth Amendment, he must prove that a defendant, while acting "under color" of state law, "was deliberately indifferent to the plaintiff's serious medical needs in violation of the plaintiff's right, as a pretrial detainee, to necessary medical care and attention." Eleventh Circuit Pattern Jury Instructions (2005), Instruction 2.4.2,  *Civil Rights- 42 USC § 1983 Claims, Fourteenth Amendment Claim, Pretrial Detainee Alleging Deliberate Indifference To Serious Medical Need.*  The very first query put to a jury in analyzing such claims is whether the plaintiff indeed had at the time of his incarceration a "serious medical need," which is considered a medical need "that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a lay person would easily recognize the necessity for prompt medical attention." *Id.*

As explained below, because binding Eleventh Circuit precedent holds that HIV is by itself a "serious medical need" within the meaning of a § 1983 claim, Sauve herein moves for partial summary judgment in his favor on that issue.

## **MEMORANDUM OF LAW**

### STANDARD FOR SUMMARY JUDGMENT

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those items that the party believes demonstrates the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The moving party can meet this burden by presenting evidence that there is no dispute of material fact or by showing that the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden. *Graham v. State Farm Mut. Ins. Co.,* 193 F.3d 1274, 1281-1282 (11th Cir. 1999), *quoting Celotex.* In applying the standard, the evidence, and all reasonable factual inferences drawn there from, must be viewed in the light most favorable to the non-moving party. *Arrington v. Cobb County,* 139 F.3d 865, 871 (11th Cir. 1998); *Allen v. Tyson Foods, Inc.,* 121 F.3d 642, 646 (11th Cir. 1997).

The non-moving party bears the burden of coming forward with evidence of each essential element of its claims or defenses such that a reasonable jury could find in its favor. *Earley v. Champion Int'l Corp.,* 907 F.2d 1077 1080 (11th Cir. 1990). The non-

moving party "may not rest upon the mere allegations or denials of [its] pleadings, but [its] response . . . must set forth specific facts showing that there is a general issue for trial." Fed. R. Civ. P. 56(e). Further, "[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986). The non-moving party must raise more than a "metaphysical doubt" as to a material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986).

> I. **Binding Case Law And The Undisputed Facts Establish That Sauve Had A "Serious Medical Need" Within The Meaning Of His § 1983 Claim.**

As explained above, in order for a pretrial detainee to prevail on a 42 U.S.C. § 1983 claim of deliberate indifference pursuant to the Fourteenth Amendment, he must prove, *inter alia,* that he had a "serious medical need" at the time of his incarceration. Eleventh Circuit Pattern Jury Instructions (2005), Instruction 2.4.2. Here, it is undisputed that Sauve not only had HIV at the time of his incarceration, but AIDS. *Facts,* ¶ 3. HIV-status is, by itself, a serious medical condition within the context of a § 1983 claim. *Hatten v. Prison Health Services,* 2006 WL *5 4792785 (M.D. Fla. 2006) citing *Brown v. Johnson,* 387 F.3d 1344, 1351 (11th Cir. 2004) ("The Eleventh Circuit has found that the HIV virus constitutes a 'serious medical need.' ").[1] *See McMillan v. Hunter,* 2007 WL

---

[1] "A serious medical need is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. In either case, the medical need must be one that, if left unattended, poses a substantial risk of serious harm. HIV and hepatitis meet either of these definitions. The defendants wisely do not deny that Brown has serious medical needs." *Brown v. Johnson,* 387 F.3d 1344, 1351 (11th Cir. 2004). (citation and internal quotations marks omitted).

*3 570180 (M.D. Fla. 2007) ("The Eleventh Circuit has found that HIV constitutes a 'serious medical need.' "); "The Eleventh Circuit has found that the HIV virus constitutes a "serious medical need.' Consequently, Plaintiff has demonstrated that he has a serious medical need." *Connor v. Halifax Hosp. Medical Center,* 135 F. Supp. 2d 1198 (M.D. Fla. 2001) (internal citations and quotations omitted).   Other courts have found similarly: "[An inmate's] HIV-positive status is without question a medically "serious" [need]. *Clark v. Doe,* 2000 WL 1522855 *2 (E.D. Pa. 2000) citing *Freed v. Horn,* No. 95-CV-2824, 1995 WL 710529 (E.D. Pa. 1995); *Taylor v. Barnett,* 105 F.Supp.2d 483 (E.D. Va. 2000); *Walker v. Peters,* 989 F.Supp. 971 (N.D. Ill. 1997).

## **CONCLUSION**

As it is undisputed that Sauve was and is HIV-positive at all times relevant to this action, and in fact had full blown AIDS while incarcerated, (*Facts,* ¶ 3), he is entitled to partial summary judgment in his favor that establishes that for the purposes of this action and his §1983 claim, he indeed did have a "serious medical need" during his incarceration in the Broward County Jail system.

Dated:     October 3, 2008                          Respectfully submitted,
           Fort Lauderdale, Florida

                                                    BY:   s/Dion J. Cassata
                                                          Dion J. Cassata, Esq.
                                                          Fla. Bar No. 672564
                                                          *dion@cassatahanson.com*

                                                    CASSATA & HANSON, P.L.
                                                    320 S.E. 10th Court
                                                    Fort Lauderdale, Florida 33316
                                                    Phone:     (954) 364-7803
                                                    Facsimile: (954) 251-4787

5

                                                  GREG M. LAUER, P.A.  
                                                  320 S.E. 10th Court  
                                                  Fort Lauderdale, Florida 33315  
                                                  Phone:         (954) 559-0647  
                                                  Facsimile:     (954) 523-1994  
                                                  <u>ATTORNEYS FOR PLAINTIFF</u>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 3, 2008 I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Southern District of Florida using the Court's Case Management/Electronic Case Filing (CM/ECF) system. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the below Service List in the manner specified.

                                                                    s/Dion J. Cassata  
                                                                    Dion J. Cassata

## SERVICE LIST

*Sauve v. Lamberti, et al.*  
(All counsel or parties below have been served  
via CM/ECF-generated Notice of Electronic Filing).

| Richard T. Woulfe, Esq. | Daniel L. Losey, Esq. |
| --- | --- |
| *rtw@bunnellwoulfe.com* | *dll@bchlm.com* |
| | |
| Shula E. Mizrachi, Esq. | |
| *sem@bunnellwoulfe.com* | |
| | Billing, Cochran, Lyles, |
| Bunnell, Woulfe, Kirschbaum, Keller, | Mauro & Ramsey, P.A. |
| McIntyre, Gregoire & Klein, P.A. | |
| One Financial Plaza, #900 | Sun Trust Center, Sixth Floor |
| 100 S.E. Third Avenue | 515 East Las Olas Blvd |
| Fort Lauderdale, Florida 33394 | Fort Lauderdale, FL 33301 |
| | |
| Telephone:  (954) 761-8600 | |
| Facsimile:   (954) 463-6643 | Telephone:  (954) 764-7150 |
| | Facsimile:   (954) 764-7279 |
| <u>Attorneys for Defendant</u> | |
| [Sheriff Al Lamberti] | <u>Attorneys for Defendant</u> |
| | [Armor Correctional Health Services, Inc.] |